IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stewart Eddie Mack, Jr., | ) | C/A No. 1:13-1813-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Middle College of Georgia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Stewart Eddie Mack, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, a pretrial detainee at the Aiken County Detention Center, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## I.    Factual and Procedural Background

According to Plaintiff, on August 9, 2012, he was admitted to Defendant Middle College of Georgia[1] with multiple gunshot wounds. (ECF No. 1 at 3.) Plaintiff alleges that, thereafter, "they let" him develop a stomach infection that had to be opened "to let it heal inside out." (Id.) Plaintiff complains that, as a result, he is scarred for life and unable to lift over ten pounds.

Plaintiff adds that he underwent a "successful" skin graft. (Id.) However, "[d]ays later out of surgery college interns instructed by there teacher/instructer put wet to dry dressing change on my fresh skin graph which was not suppose to happen. I told her twice not to, and that had switch

_____

[1] The court believes that Plaintiff intends to refer to the "Medical College of Georgia Hospital." The Medical College of Georgia Hospital is now known as the "Georgia Regents Medical Center."



me to dry dressing only, but she wouldn't listen." (Id. (errors in original)).  Plaintiff claims that, as

a result, the skin graft was "performed for absolutely nothing." (Id. at 4.)  He says that he can never

again work a "decent job" in order to care for his six children and fianceé. (Id.)  Plaintiff asks to be

awarded $77.7 million against Defendant.  (Id. at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez,

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S.

519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v.

Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which

relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant

who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be

made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at

31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua*

*sponte*.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required,

*sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The "diversity statute," 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13, 16 (1978).

The court has jurisdiction of this case on the basis of diversity, but the State of Georgia cannot be sued in this court. Prior to July 2000, the Board of Regents of the University System of Georgia d/b/a The Medical College of Georgia ("the Regents") operated the defendant hospital through the Medical College of Georgia ("MCG"). On July 1, 2000, MCG Health, Inc. ("MCGHI") took over operations through a lease agreement with the Regents and began using "The Medical College of Georgia Hospital and Clinics" as a trade name. The Regents is "a public body of the State of Georgia." Jones v. Allen, 720 S.E.2d 1, 5 n.2 (Ga. App. 2011), reversed on other grounds sub nom, Shekhawat v. Jones, No. S12G0552, __ S.E.2d __, 2013 WL 3475325 (Ga. July 11, 2013).

As an arm of the State of Georgia, Defendant is immune from suit. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States'

encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

"A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Virginia Office for Prot. & Advocacy v. Stewart, __ U.S. __, __, 131 S. Ct. 1632, 1638 (2011) (citation and footnote omitted). Further, a State must expressly consent to suit in a federal district court; "[w]aiver may not be implied." Sossamon v. Texas, __ U.S. __, __, 131 S. Ct. 1651, 1658 (2011). The Supreme Court adds, "[A] State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." Id. The State of Georgia has partially waived its Eleventh Amendment immunity in the Georgia Tort Claims Act, but it expressly has not consented to suit in a federal court or in a court of another state. Alyshah v. Georgia, 239 F. App'x 473, 474 (11th Cir. 2007) ("Although the State of Georgia has given its consent to being sued in contract or tort actions in its own state courts, a state's consent to suit in state court does not constitute a waiver of immunity in federal court.") (citing Ga. Code Ann. § 50-21-23(b)). Accordingly, Plaintiff cannot pursue a state tort claim against Defendant in this court.

## III.    Recommendation

Thus, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).