**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Stewart Eddie Mack, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  1:13-cv-01813-JMC |
| v. | ) | |
| | ) | **ORDER** |
| Middle College of Georgia, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (EFC No. 13), filed on August 16, 2013, recommending that the Plaintiff's Complaint (ECF No. 1) be summarily dismissed in the above-captioned case without prejudice and without issuance and service of process.  Plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983.  The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination."  *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report (ECF No. 13-6).  However, Plaintiff filed no objections to the Report.[1]

_____

[1]Plaintiff filed a response to the Report on August 29, 2013.  (ECF No. 15).  However, the court does not construe Plaintiff's filing as an objection because it does not state any disagreement

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court **ACCEPTS** the Report and Recommendation (ECF No. 13). For the reasons articulated by the Magistrate Judge, it is therefore **ORDERED** that Plaintiff's Complaint (ECF No. 1) be summarily **DISMISSED** without prejudice and without issuance and service of process.

 **IT IS SO ORDERED.**

            J. Michelle Childs

            United States District Judge

October 10, 2013
Greenville, South Carolina

---

with the Report. Instead, Plaintiff's filing expresses gratitude for the Report and details Plaintiff's plans to file his action in another court. *See id.* Because the Plaintiff has indicated that he has "based" this plan on the findings of the Report, the court cautions that nothing in the Report or the instant order should be considered legal advice.